# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ELIZABETH CHACEY DEBOOM,<br><br>   Plaintiff,<br><br>vs.<br><br>RAINING ROSE, INC., CHART ACQUISITION CORP., CHARLES HAMMOND and ART CHRISTOFFERSEN,<br><br>   Defendants. | No. C-05-72-LRR<br><br>**ORDER** |

_____

## TABLE OF CONTENTS

*I. PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

 *A. Linn County District Court* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

 *B. United States District Court for the Northern District of Iowa* . . . . . . . 2

*II. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

 *A. Abstention Under* **Colorado River** *and its Progeny* . . . . . . . . . . . . . . . 4

   *1. Is there a res over which the Linn County court or this court has established jurisdiction?* . . . . . . . . . . . . . . . . . . . . . . 6

   *2. Is the federal forum inconvenient?* . . . . . . . . . . . . . . . . . . . 6

   *3. Will maintaining separate actions result in piecemeal litigation?* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   *4. Does the state or federal action have priority?* . . . . . . . . . . . 8

   *5. Does state or federal law control?* . . . . . . . . . . . . . . . . . . . 8

   *6. Is the state forum adequate to protect DeBoom's federal rights?* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

  *B. Dismissal v. Stay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

*III.*  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

The matter before the court is Defendants' Motion to Dismiss or Stay Proceedings (docket no. 6).

## I.  PROCEDURAL BACKGROUND

### A.  Linn County District Court

On February 28, 2005, Plaintiff Elizabeth Chacey DeBoom filed a lawsuit alleging sex discrimination under the Iowa Civil Rights Act, Iowa Code § 216 *et seq.*, ("ICRA") in the Iowa District Court In and For Linn County. *See DeBoom v. Raining Rose, Inc., et al.*, No. 06571 LACV051346 (Linn County Dist. Ct. 2005).[1] On March 23, 2005, Defendants filed an Answer in that suit and served discovery requests upon DeBoom. On June 16, 2005, Defendants filed a Motion for Summary Judgment. On August 30, 2005, the state court denied the summary judgment motion. There have been a total of eighteen filings in the state case, with the most recent filing occurring on November 29, 2005.

### B.  United States District Court for the Northern District of Iowa

On April 18, 2005, DeBoom filed a Complaint in this court claiming one count of sex and pregnancy discrimination in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII") and the ICRA.[2] On May 19, 2005, Defendants filed the instant Motion to Dismiss or Stay

---

[1] The Iowa state court civil docket may be accessed at the following Internet address: www.judicial.state.ia.us/online_records.

[2] Pregnancy discrimination is a subset of sex discrimination in each statute. For example, Title VII prohibits employers from discriminating "because of sex" and provides that the phrase includes "because of . . . pregnancy, childbirth, or related medical conditions . . . ." *See* 42 U.S.C. §§ 2000e(k) and 2000e-2(a).

Proceedings ("Motion"). On June 3, 2005, DeBoom filed a Resistance. Since that time, the court entered a Scheduling Order and Discovery Plan and a Trial Management Order.

## *II. ANALYSIS*

In Defendants' Motion, they claim DeBoom's federal claim alleging sex and pregnancy discrimination under Title VII and the ICRA should be dismissed or stayed. Defendants argue dismissal is appropriate under the abstention doctrine established by *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), because of DeBoom's parallel pending state court lawsuit. Defendants also make two alternative arguments for dismissal or stay. First, they argue that DeBoom's claims against Defendants Chart Acquisition Corp. ("Chart Acquisition"), Charles Hammond and Art Christofferson should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because DeBoom only named Defendant Raining Rose, Inc. ("Raining Rose") in her administrative action. Second, Defendants argue Hammond and Christofferson should be dismissed because there is no individual liability under Title VII.

DeBoom resists[3] Defendants' arguments claiming there are no "exceptional circumstances" requiring abstention under *Colorado River*. DeBoom does not discuss Defendants' first alternative argument regarding the administrative action. As for Defendants' second alternative argument, DeBoom argues that, despite the Eighth Circuit Court of Appeals' holding that there is no individual liability under Title VII, the United States Supreme Court has not yet ruled on the issue and, therefore, the individual defendants should not be dismissed.

---

[3] The court notes that DeBoom has failed to file a brief in support of her four-page Resistance. Local Rule 7.1 provides that "[e]ach party resisting a motion *must* . . . serve and file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies . . . . LR 7.1(e) (emphasis added).

### A. *Abstention Under* Colorado River *and its Progeny*

Defendants first argue for dismissal or stay of the instant federal case pursuant to *Colorado River*. In that case, the Supreme Court began its analysis with the following observation: "Generally, as between state and Federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268 (1910)). It further noted that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* "The Supreme Court has admonished that abstention should be used only in the extraordinary and narrow circumstances where it would clearly serve an important countervailing interest." *Ass'n for Retarded Citizens of N.D. v. Olson*, 713 F.2d 1384, 1390 (8th Cir. 1983) (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). However, if "exceptional circumstances" are present in a given case, a federal district court may dismiss an action because of concurrent state proceedings. *Colorado River*, 424 U.S. at 818.

The *Colorado River* court established four factors to consider when determining whether "exceptional circumstances" exist, and the Supreme Court added two additional factors when it decided *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). *Colorado River*, 217 U.S. at 818-19; *Moses H. Cone*, 460 U.S. at 20-21. The six factors include:

> "(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative

> progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights."

*Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (quoting *U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir. 1994)).

The *Colorado River/Moses H. Cone* factors "are not intended to be exhaustive, nor are they to be mechanically applied." *Id.* Instead, they should be "pragmatically applied in order to advance the 'clear federal policy' of avoiding piecemeal adjudication." *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16); *see Moses H. Cone*, 460 U.S. at 21 (explaining that the factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand"). The Eighth Circuit Court of Appeals has provided further clarification regarding the proper application of the six factors:

> In examining these factors, the balance [is] heavily weighted in favor of the exercise of jurisdiction. And: we emphasize that our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction. Bearing these instructions in mind, we turn to the *Colorado River/Moses H. Cone* factors to determine whether this case presents the clearest of justifications [that alone] will warrant abstention.

*Federated Rural Elec. Ins.*, 48 F.3d at 297 (emphasis in original) (internal citations and quotations omitted); *see also Ins. Co. of Penn. v. Syntex Corp.*, 964 F.2d 829, 834 (8th Cir. 1992) (noting that the district court has a "weighty obligation to exercise federal jurisdiction").

5

"A parallel state court proceeding is a necessary prerequisite to the use of the *Colorado River* factors." *In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 477 (8th Cir. 1995) (citing *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 571-72 (6th Cir. 1994)). In this case, however, there is no dispute that the state sex and pregnancy discrimination case is "parallel" to the instant federal action. Therefore, the court will proceed to consider the six *Colorado River/Moses H. Cone* factors.

### 1. *Is there a res over which the Linn County court or this court has established jurisdiction?*

This is a civil rights action that does not involve a res. Accordingly, factor one does not weigh into the calculation. *See Federated Rural Elec. Ins.*, 48 F.3d at 297 (noting that where an action does not involve a res, factor one "does not weigh into the 'exceptional circumstances' calculation").

### 2. *Is the federal forum inconvenient?*

The court finds that, because both the federal and state forums are located in Cedar Rapids, Iowa, there is no difference in the level of convenience between the two courts. The court finds this factor is also inconsequential in the "exceptional circumstances" determination.

### 3. *Will maintaining separate actions result in piecemeal litigation?*

The third *Colorado River/Moses H. Cone* factor is the most important one in the "exceptional circumstances" analysis. *See Federated Rural Elec. Ins.*, 48 F.3d at 297 (explaining that "Supreme Court cases make it clear that this is the predominant factor"). It only becomes an insignificant factor if the federal action is "easily severable" from the state court action. *See Gov't Employees Ins. Co. v. Simon*, 917 F.2d 1144, 1148 (8th Cir. 1990) (citing *Moses H. Cone* and explaining that "[t]he presence of piecemeal litigation . . . was not a significant factor where the relevant law required piecemeal

6

resolution and the federal court issue was 'easily severable from the merits of the underlying disputes'"). Here, this factor remains significant because the claims are not severable. In fact, DeBoom's claims in the state and federal actions are virtually identical—DeBoom claims violations of the ICRA in both actions based upon sex and pregnancy discrimination. *Cf. id.* (downplaying the significance of factor three and explaining that piecemeal litigation was necessary in the case because the negligence and insurance coverage questions were entirely different issues that could be easily severed). The same set of facts will be analyzed in both forums and the same parties are involved. The state and federal courts will both analyze Title VII law when deciding DeBoom's ICRA claims. *See Vivian v. Madison*, 601 N.W.2d 872, 873 (Iowa 1999) (explaining that the ICRA was modeled after Title VII and that federal precedent is applicable to discrimination claims under the ICRA); *King v. Iowa Civil Rights Comm'n*, 334 N.W.2d 598, 601 (Iowa 1983) (explaining that Iowa courts turn to federal law for guidance in analyzing claims under the ICRA). *But see McElroy v. State*, 703 N.W.2d 385, 391 (Iowa 2005) (indicating that, although Iowa courts have traditionally looked to federal law for guidance in interpreting the ICRA, they are not bound to federal law and may deviate from it if the parties argue for a deviation from the federal analysis). Here, DeBoom has not claimed that her ICRA claim should be interpreted differently than her Title VII claim.

The court finds that, if the state and federal actions were to proceed simultaneously, different outcomes and inconsistent judgments on the same set of facts and same laws are possible. Importantly, "[t]he policies underlying *Colorado River* abstention are considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Fed. Rural Elec. Ins.*, 48 F.3d at 297-98 (internal citations and quotations omitted). Here, because the claims, parties and facts are virtually identical in both cases, failure to abstain would result in a waste of

7

judicial resources. It is not judicially efficient for DeBoom to proceed on the same claims in both state and federal court. Thus, the court concludes that this factor weighs in favor of abstention.

### 4. *Does the state or federal action have priority?*

It is clear that there has been substantial progress made in the state case, as opposed to the federal case. Although Defendants' Motion and DeBoom's resistance were filed several months ago, the court takes judicial notice of the public information on the state court website and notes the progress of the state proceeding. Not only was the state action filed nearly two months before the federal action, but the state court has already denied Defendants' summary judgment motion and resolved discovery disputes. The only activity in the federal matter since DeBoom filed her Complaint in April 2005 is the instant Motion and two scheduling orders. The federal discovery deadline is not until June 1, 2006, the dispositive motions deadline is not until July 3, 2006, and the trial is not scheduled to proceed until November 20, 2006. Therefore, the court concludes that the state case has progressed much further than the federal case. Accordingly, the Linn County action has priority over the federal action and this factor also weighs in favor of abstention.

### 5. *Does state or federal law control?*

The Eighth Circuit Court of Appeals has instructed that, "if federal law provides the rule of decision, that is always a major consideration weighing against abstention." *Gov't Employees Ins. Co.*, 917 F.2d at 1148 (citing *Moses H. Cone*, 460 U.S. at 26); *see also Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 873 (8th Cir. 2002) (explaining that, although there was concurrent state court jurisdiction over trademark claims, "federal law is nonetheless controlling and a factor worthy of significant weight");

*Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002) ("We note particularly that federal law controls most of the appellants' claims, and that this factor is a 'major consideration' against abstention.") (quoting *Moses H. Cone*, 460 U.S. at 26).

Here, both state and federal law control DeBoom's ICRA and Title VII discrimination claims. As stated in Section II.A.3 herein, both courts will consult Title VII law when analyzing DeBoom's ICRA claims. Even though "the decisions of federal courts interpreting Title VII are not binding upon [the Iowa Supreme Court] in interpreting similar provisions in the ICRA[,]" the ICRA was modeled after Title VII and the Iowa courts have "consistently employed federal analysis when interpreting the ICRA . . . ." *Estate of Harris v. Papa John's Pizza*, 679 N.W.2d 673, 677-78 (Iowa 2004). Therefore, this is not a case where only federal law controls, and there is nothing in the record that indicates the state court is incapable of handling this particular dispute. *See, e.g.*, *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821-23 (1990) (presuming state court judges to be capable of adjudicating federal discrimination law). The court finds that this factor weighs in favor of abstention.

### 6. Is the state forum adequate to protect DeBoom's federal rights?

The final *Colorado River/Moses H. Cone* factor turns upon whether the state court forum adequately protects DeBoom's rights against unlawful discrimination. The Supreme Court has declared:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to

9

> do in resolving any substantive part of the case, whether it stays or dismisses.

*Moses H. Cone*, 460 U.S. at 28 (citations omitted). Moreover, the court is mindful that "[c]ases involving questions of civil rights are the least likely candidates for abstention." *Olson*, 713 F.2d at 1391.

Typically, the state forum would adequately protect a federal discrimination plaintiff's rights because federal discrimination claims can be alleged in state court. *See Yellow Freight Sys.*, 494 U.S. at 821 (providing that state courts have concurrent jurisdiction to hear and decide federal Title VII actions). In this case, DeBoom did not file a claim under Title VII in the state court action although she could have filed a federal discrimination claim and may still be able to do so. *See* Iowa R. Civ. P. 1.402(4) (providing that the court shall freely give leave to amend pleadings). *But see Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976) (holding that amendments which "substantially change the issues" should not be allowed under Rule 1.402's predecessor, Rule 88, after a responsive pleading has been filed). Although the remedies under Title VII and the ICRA differ, DeBoom could have brought both claims in her state action, as she did in the federal action. *Compare* 42 U.S.C. § 1981a (permitting recovery of punitive damages and capped compensatory damages), *with Baker v. John Morrell & Co.*, 382 F.3d 816, 827 (8th Cir. 2004) (noting that the ICRA differs from Title VII because, as Iowa law currently stands, the ICRA "does not allow for punitive damages but also does not include a cap for compensatory damages"). Accordingly, the court concludes the state court action adequately protects DeBoom's rights. Factor six weighs in favor of abstention.

After examining the six *Colorado River/Moses H. Cone* factors, the court concludes that abstention is appropriate in this case. Therefore, the question becomes whether

DeBoom's claims should be dismissed without prejudice or stayed pending final adjudication of the state action.

## B. *Dismissal v. Stay*

Defendants move, alternatively, to either dismiss or stay the instant federal case. When the court determines that abstention is appropriate, "[a] stay is preferred to dismissal in cases where there is a possibility that the parties will return to federal court." *Cedar Rapids Cellular Tel.*, 280 F.3d at 882 (citing *Fuller v. Ulland*, 76 F.3d 957, 960-61 (8th Cir. 1996)); *see also Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406 (7th Cir. 1996) (reiterating its priors holdings that a stay, rather than a dismissal, is the "appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the *Colorado River* doctrine"). Although DeBoom does not discuss how or why she might return to federal court, the court is compelled to operate out of an abundance of caution due to its "weighty obligation to exercise federal jurisdiction." *Syntex Corp.*, 964 F.2d at 834. The court finds a stay of the federal action is appropriate pending final resolution of the state lawsuit in *DeBoom v. Raining Rose, Inc., et al.*, No. 06571 LACV051346 (Linn County Dist. Ct. 2005). *See Wolfson v. Mut. Ben. Life Ins. Co.*, 51 F.3d 141, 147 (8th Cir. 1995) (affirming stay under *Buford* and *Colorado River* abstention doctrines and suggesting that dismissing the federal ERISA claim would have been erroneous), *limited on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Accordingly, it will not consider Defendants' alternative arguments for dismissal at this time.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED:**

(1) Defendants' Motion to Dismiss or Stay Proceedings (docket no. 6) is **GRANTED IN PART**;

(2) All proceedings in this case are **STAYED** pending final resolution of the lawsuit pending in the Iowa District Court In and For Linn County, that is: *DeBoom v. Raining Rose, Inc., et al.*, No. 06571 LACV051346 (Linn County Dist. Ct. 2005);

(3) Defendants' alternative arguments in its Motion to Dismiss or Stay Proceedings regarding dismissal of Defendants Chart Acquisition Corp., Charles Hammond and Art Christoffersen are **DENIED AS MOOT WITH LEAVE TO RENEW AS NECESSARY** in the event the court lifts the stay ordered herein;

(4) Except as ordered below, the parties shall not file any more papers in this action until the court lifts the stay ordered herein;

(5) The parties shall file a joint report on the progress of the state action on June 1, 2006; and

(6) Plaintiff Elizabeth Chacey DeBoom shall notify the court immediately upon the conclusion of the state action.

**IT IS SO ORDERED.**

DATED this 13th day of December, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA