# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ELIZABETH CHACEY DEBOOM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RAINING ROSE, INC., CHART ACQUISITION CORP., CHARLES HAMMOND and ART CHRISTOFFERSEN,<br><br>　　　　Defendants. | No. 05-CV-72-LRR<br><br>**ORDER REINSTATING STAY** |

_____

## *TABLE OF CONTENTS*

*I.　INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.　PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
　　*A.　State Court Case* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
　　*B.　Instant Federal Case* . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.　ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
　　*A.　The Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . *3*
　　*B.　Reinstatement of the Stay* . . . . . . . . . . . . . . . . . . . . . . *4*

*IV.　CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

## I. INTRODUCTION

The matter before the court is Defendants' Motion to Dismiss ("Motion") (docket no. 25).

## II. PROCEDURAL BACKGROUND

### A. State Court Case

On February 28, 2005, Plaintiff Elizabeth Chacey DeBoom filed a lawsuit ("State Case") alleging sex discrimination under the Iowa Civil Rights Act of 1965, Iowa Code § 216 *et seq.*, ("ICRA") in the Iowa District Court in and for Linn County. (docket no. 25-2, Ex. A); *see also DeBoom v. Raining Rose, Inc., et al.*, No. 06571, LACV051346 (Linn County Dist. Ct. 2005).[1] On March 27, 28 and 29, 2006, the State Case was tried before the Honorable Judge Thomas M. Horan. (docket no. 25-2, Ex. B). The jury returned a verdict for Defendants Raining Rose, Inc., Chart Acquisition Corporation, Charles Hammond and Art Christoffersen. (*Id.*). On June 2, 2006, Plaintiff filed a new trial motion, and it was denied by Judge Horan. (*Id.* at Ex. C). On June 28, 2006, Plaintiff filed a notice of appeal. Plaintiff's direct appeal of the state case is still pending.

### B. Instant Federal Case

On April 18, 2005, Plaintiff filed a Complaint in this court claiming one count of sex and pregnancy discrimination in violation of 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the ICRA.[2] On May 19, 2005, Defendants filed a Motion to Dismiss or Stay

---

[1] The Iowa state court civil docket may be accessed at the following Internet address: http://www.iowacourts.state.ia.us. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing the court's ability to take judicial notice of public records).

[2] In Plaintiff's Complaint, she labels paragraphs 26, 27 and 28 "Violation of 42 U.S.C. Section 2000e," but, within paragraph 27, she states that she was discriminated against "on the basis of her sex and pregnancy in violation of the Iowa Civil Rights Act." Therefore, the court assumes Plaintiff intended to plead violations of both state and federal
(continued…)

Proceedings. On December 13, 2005, the court granted, in part, the Motion to Dismiss or Stay Proceedings and stayed the instant case pending final resolution of the State Case. On June 13, 2006, the court lifted the stay.

On June 23, 2006, Defendants filed the instant Motion. On July 14, 2006, Plaintiff filed a resistance.

### III. ANALYSIS

#### A. The Parties' Arguments

In the Motion, Defendants argue that the instant federal case is barred by claim preclusion or res judicata. Defendants argue that the three elements of claim preclusion, as set forth in *Spiker v. Spiker*, 708 N.W.2d 347 (Iowa 2006), are met in this case. That is, "(1) the parties in the first and second action are the same, (2) the claim in the second suit could have been fully and fairly adjudicated in the prior case, and (3) there was a final judgment on the merits in the first action." *Id.* at 353. Defendants argue that the instant federal case should be barred because Plaintiff's state claims and federal claims are based on the same nucleus of operative facts and there is a substantial overlap in the facts.

Plaintiff responds that the three res judicata elements are "1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether a prior decision was

---

²(…continued)
law. *See Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005) (explaining the standard for motions to dismiss and stating that "'the complaint must be liberally construed in the light most favorable to the plaintiff'" (quoting *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1059 (8th Cir. 2003))).

Pregnancy discrimination is a subset of sex discrimination in each Act. For example, Title VII prohibits employers from discriminating "because of sex" and provides that the phrase includes "because of . . . pregnancy, childbirth, or related medical conditions . . . ." *See* 42 U.S.C. §§ 2000e(k) and 2000e-2(a); *see, e.g.*, *Smidt v. Porter*, 695 N.W.2d 9, 14-15 (Iowa 2005) (citing in part *Pruett v. Krause Gentle Corp.*, 226 F. Supp. 2d 983, 987 (S.D. Iowa 2002), and Iowa Code § 216.6 and applying Title VII analysis to an ICRA pregnancy discrimination claim).

3

a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases." (docket no. 28-2 at p. 4 (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989))). Plaintiff argues that the court must also determine whether she had a full and fair opportunity to litigate the issue of pregnancy discrimination in the State Case. She argues that one of the well recognized exceptions to the rule of "issue preclusion" is when the burden of persuasion was heavier in the initial action than in the subsequent action.[3] In such a case, she argues, there can be no preclusion. She further argues that, because the state court judge committed prejudicial error in the jury instructions, the burden of persuasion was heavier in the State Case than it would be in the instant federal case. Plaintiff finally argues that, because the state court judge failed to give her requested pretext jury instruction, she was prevented from presenting her primary theory of recovery and, as such, her claims in federal court cannot be precluded.

### B. *Reinstatement of the Stay*

The arguments raised in the parties' filings regarding the Motion have brought an important issue to the forefront. That is, whether Plaintiff's claims in federal court can be precluded when the judgment in the State Case may be overturned on direct appeal.

Regardless of whether the court applies the claim preclusion test urged by Defendants (based on Iowa law) or by Plaintiff (based on federal law), there is a nearly identical finality requirement in both tests. *See Ripplin Shoals Land Co., LCC v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1042 (8th Cir. 2006) (explaining that the second

---

[3] Plaintiff intertwines her discussion of issue preclusion and claim preclusion. It is clear that Defendant's Motion is based upon claim preclusion. *See Weishaar v. Snap-On Tools Corp.*, 582 N.W.2d 177, 180 (Iowa 1998) (explaining that claim preclusion means that "further litigation on the claim is prohibited" and issue preclusion means that "further litigation on a specific issue is barred"); *see also Colvin v. Story County Bd. of Review*, 653 N.W.2d 345, 348 (Iowa 2002) ("The doctrine of res judicata embraces the concepts of claim preclusion and issue preclusion.").

element of res judicata is "whether the prior decision was a final decision on the merits"); *Spiker*, 708 N.W.2d at 353 (requiring "a final judgment on the merits in the first action").

The court finds that, at this time, the judgment in the State Case is not "final" for res judicata or claim preclusion purposes. The Iowa Supreme Court has defined the term "final judgment":

> A final judgment, one that conclusively determines the rights of the parties and finally decides the controversy, creates a right of appeal and also removes from the district court the power or authority to return the parties to their original positions.

*Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987). A comment to Restatement (Second) of Judgments [hereinafter "Restatement"] § 13,[4] entitled "Requirement of Finality," is also instructive:

> The pendency . . . of an appeal from a judgment[] is relevant in deciding whether the questions of preclusion should be presently decided in the second action. It may be appropriate to postpone decision of that question until the proceedings addressed to the judgment are concluded.
>
> Application of this Comment may give rise to a problem of inconsistent judgments when a judgment under appeal, relied on as a basis for a second judgment, is later reversed. . . .

Restatement (Second) of Judgments § 13 cmt. f, at 135 (1982). Restatement § 16 provides further guidance regarding how to avoid the problem of basing a second judgment on a first judgment that is subsequently reversed:

> [I]t may still be advisable for the court that is being asked to apply the judgment as res judicata to stay its own proceedings to await the ultimate disposition of the judgment in the trial court or on appeal. This course commends itself if the

---

[4] "Iowa law regarding claim preclusion closely follows the Restatement (Second) of Judgments." *Pinkerton v. Jeld-Wen, Inc.*, 588 N.W.2d 679, 681 (Iowa 1998).

disposition will not be long delayed and especially if there is *substantial doubt* whether the judgment will be upheld.

*Id.* at § 16 cmt. b, at 146 (emphasis added).

Therefore, although the judgment in the State Case is "final" in the sense that it created a right of appeal, the judgment could be overturned on appeal. Plaintiff argues that it should be overturned because the jury instructions in the State Case were erroneous because they did not follow the Eighth Circuit Manual of Model Civil Jury Instructions ("Model Instructions")[5] and the state court judge refused to give her requested pretext instruction. The Model Instructions provide:

> Your verdict must be for plaintiff on plaintiff's pregnancy discrimination claim if all the following elements have been proved by the greater weight of the evidence:
>
> *First*, defendant discharged plaintiff; and
>
> *Second*, plaintiff's pregnancy was a motivating factor in defendant's decision.
>
> If either of the above elements has not been proved by the greater weight of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim. You may find that plaintiff's pregnancy was a

---

[5] Iowa courts have traditionally turned to federal law for guidance in analyzing claims under the ICRA. *King v. Iowa Civil Rights Comm'n*, 334 N.W.2d 598, 601 (Iowa 1983); *see also Vivian v. Madison*, 601 N.W.2d 872, 873 (Iowa 1999) (explaining that the ICRA was modeled after Title VII and that federal precedent is applicable to discrimination claims under the ICRA). Although the Iowa Supreme Court has recently indicated it will entertain arguments that the ICRA can be interpreted differently than Title VII, the record does not indicate that either party suggested that the state court judge deviate in the State Case. *See McElroy v. State*, 703 N.W.2d 385, 391 (Iowa 2005) (declining to interpret ICRA differently than Title VII where neither party so argued, but indicating that, although Iowa courts have traditionally looked to federal law for guidance in interpreting the ICRA, they are not bound to federal law and may deviate from it if the parties argue for a deviation from the federal analysis).

> motivating factor in defendant's decision if it has been proved by the greater weight of the evidence that defendant's stated reasons for its decision is a pretext to hide pregnancy discrimination.

Model Instruction 5.01 (modified for pregnancy discrimination case involving pretext); *see MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 928 (8th Cir. 2004) (discussing Model Instruction 5.01); *Moore v. Robertson Fire Prot. Dist.*, 249 F.3d 786, 789 (8th Cir. 2001) (concluding that the district court did not abuse its discretion in giving a modified version of Model Instruction 5.01 and in declining to give a pretext instruction, which was a modified version of Model Instruction 5.95, where the plaintiff introduced "scant" evidence of pretext); *see also Smidt v. Porter*, 695 N.W.2d 9, 14-15 (Iowa 2005) (applying Title VII analysis to an ICRA pregnancy discrimination claim). According to Plaintiff, Instruction No. 11 given in the state case provided:

> 1. [Plaintiff] was an employee of [Defendants];
>
> 2. [Defendants] discharged [Plaintiff] from employment;
>
> 3. [Plaintiff's] sex and pregnancy was a determining factor in [Defendant's] decision to discharge [Plaintiff];
>
> 4. The discharge was the proximate cause of damage to [Plaintiff]; [and]
>
> 5. The nature and extent of the damage.
>
> If [Plaintiff] has failed to prove any of these propositions, [Plaintiff] is not entitled to damages. If [Plaintiff] has proved all of these propositions, [Plaintiff] is entitled to damages.

(docket no. 28-2 at 3). There was no pretext instruction given in the State Case. (*Id.* at 4). Therefore, the instructions given in the State Case were distinct from the Model Instructions. This court has "substantial doubt" that the judgment in the State Case will be upheld on appeal.

7

The court finds that the interest of justice requires reinstatement of the stay. A stay is necessary in order to avoid the problems that will arise if the state court judgment is reversed after this court relies upon it for claim preclusion purposes. *See* Restatement (Second) of Judgments § 16. The court has reconsidered its June 13, 2006 Order Lifting Stay (docket no. 24) in light of the arguments presented by Plaintiff in her resistance, and it has determined that the stay should be reinstated.

## IV. CONCLUSION

The court finds that Defendant's Motion is moot given the fact that the court shall stay the instant federal action until resolution of the State Case.

For the forgoing reasons, the court hereby **ORDERS**:

(1) All proceedings in this case are **STAYED** pending final resolution of the lawsuit, including all appeals, pending in the Iowa courts in *DeBoom v. Raining Rose, Inc., et al.*, No. 06571, LACV051346 (Linn County Dist. Ct. 2005);

(2) Defendant's Motion to Dismiss (docket no. 25) is **DENIED AS MOOT WITH LEAVE TO REFILE AS NECESSARY** in the event that the court lifts the stay ordered herein;

(3) Except as ordered below, the parties shall not file any more papers in this action until the court lifts the stay ordered herein;

(4) On or before April 18, 2007, Plaintiff Elizabeth Chacey DeBoom shall file a report on the progress of the State Case; and

(5) Plaintiff Elizabeth Chacey DeBoom shall notify the court immediately upon the conclusion of the State Case.

**IT IS SO ORDERED.**

**DATED** this 18th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA